**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUNITA SHARMA, | No. 07-73319 |
| Petitioner, | Agency No. A097-545-858 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Sunita Sharma, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997), and we review de novo questions of law, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the BIA's finding that Sharma failed to establish that she was or would be persecuted on account of an actual or imputed political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992). Further, even if Sharma's family qualifies as a "social group," the evidence does not compel a conclusion that the militants' threats and attempts to recruit her husband were motivated on account of a familial relationship. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002). Because Sharma did not establish that her claimed past persecution or fear of future persecution has a nexus to a protected ground, her asylum and withholding claims fail.

Substantial evidence supports the BIA's denial of CAT relief because Sharma failed to demonstrate it is more likely than not she will be tortured if she returns to India. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

In light of our disposition, we do not reach Sharma's remaining contentions.

**PETITION FOR REVIEW DENIED.**

07-73319